May it please the court, Kenneth Carpenter appearing on behalf of Mr. Keith Ackerson. Mr. Ackerson's request for revision of the board's 1985 decision, which reopened his claim for service connection for his post-service disability for seizure disorder, was based upon the board's failure to have considered the provisions of 38 U.S.C. 105A, which is the presumption of service connection, and 38 U.S.C. 1111, which is the presumption of soundness. The board in its 2013 decision found that the board in 1985 had implicitly provided to Mr. Ackerson the presumption of soundness, but that the denial was not based upon that presumption. The board also specifically found in the 2013 decision that the 105A presumption did not in fact create a presumption of service connection. That finding is in direct conflict with this court's decision in Shedden. They found, as the argument was made in Shedden, that that provision pertained only to line-of-duty determinations and misconduct. That was a misstatement of law. The Veterans Court, instead of addressing Mr. Ackerson's averment of board error in failing to correctly apply these statutory presumptions, made a clear error of law when it held that the board was not required to directly apply these statutory presumptions in its review of the 1984 board decision. Well, in fact, they did consider those. They did review those provisions, and the effect of that determination by the Veterans Court was to deny judicial review to Mr. Ackerson of the decision that was made by the Board of Veterans Appeals in 2013. Because the board in its 2013 decision addressed those presumptions, the board was required to have correctly applied those presumptions, which Mr. Ackerson contended they did not, and Mr. Ackerson took an appeal to pursue that issue. He was denied that right. This court in Shedden specifically found that Section 105A does in fact create a presumption of service connection. In Shedden, this court... And the board made a fact finding, which is beyond the scope of my review, that in light of the record, there was no chronic disease demonstrated during service or for many years thereafter. So I feel like everything else is a house of cards that you built on an unstable platform, not because it's wrong, but because I don't have the authority to review the fact finding that was made at the base level. Everything else you're saying builds upon that fact finding, and the fact that it must be incorrect, or I must be able to conclude it's incorrect. But I don't have the authority to do that. You do have the authority to do that, Your Honor. You and I both wish I did, but I don't. No, because this court does have the authority to review questions of law. The question of law in this case is the applicability of Section 105A, as well as 1111. Section 105A pertains not just to diseases, where the board made its error, and the Veterans Court relied upon that same error, was to treat this only as a disease. Service connection is established under the Shedden decision when there is incurrence or aggravation not just of a disease, but of an injury. The new and material evidence that was submitted by Mr. Akerson before the 1985 board decision specifically referenced his post-service disability to the injury in service from being hit in the head with a baseball bat. There is no dispute he was hit in the head with a baseball bat. That was an injury. The question then becomes, did that injury that was sustained while on active duty result in a post-service disability? He is entitled to the statutory presumption that if, under the court's holding in Shedden, there is a present post-service disability, which the new and material evidence established that there was, not merely a progressive seizure disorder, but also a psychiatric disability, and that there was incurrence of an injury in service, being hit in the head by the baseball bat, and then provided the causal relationship between that present disability and the injury in service. So what was that last part? I mean, I know you say that there was a connection, but what was the basis for that connection? The basis for that connection was the medical evidence provided by a Dr. Berthelsen, which is found in the record at Appendix 41 to 43. And Dr. Berthelsen said at page 43 of the record, there was a significant cerebral concussion from the blow from the baseball bat in 1959, which produced a post-concussion syndrome and a gradual development of a seizure disorder. That's the nexus. That's all that's required. You connect the in-service injury, excuse me, you connect the post-service disability to the in-service injury. That is precisely what the evidence said in 1985. Based upon that evidence, he was entitled to the benefit of the presumption of service connection under 105A. The board, in its 1985 decision, expressly said that that presumption, excuse me, the 2013 decision, expressly said that that presumption did not create a presumption of service connection and only dealt with line of duty or willful misconduct. That is the specific argument that this court rejected in Sheddon and found that that statutory presumption permitted the veteran to rely upon the presumption that is provided for under 105A of service connection. And that if you have, in the language of Sheddon, the existence of a present disability, the occurrence of an injury during service, and a causal relationship between the two, then you're entitled to presumptive service connection. That was not afforded in 1985 by the board. That was not correctly applied by the board in 2013. And the veterans court refused to allow for consideration of that because they made a legal determination, which is incorrect, that the board was not required to consider those statutory provisions. And they weren't. And that's all that's before this court. Mr. Garber, I see you only cited Sheddon in your blue brief. Yes, Your Honor. And you cited it at pages 5 to 6 for a different proposition than you're citing it today. Well... Well, just look at it. Yeah. I mean, it just seems to me, I just cited myself another one of these Ken Carpenter lightbulb moments. The blue brief says one thing, the gray brief says something else, and the oral argument says something entirely different. So where did you present this Sheddon argument in your brief saying that Sheddon rejects the proposition that 105A stands for a limited proposition? I described as... The board should show me... Page 5, Your Honor. ...before you lay this argument out. At page 5, I quote... What does it say? It says at the very bottom of the page. Well, it starts with what the requirements are... To establish the right to compensation, a veteran must show three things, right? Correct. One, they presented two to do cite Sheddon. Now, that's the only reference I saw to Sheddon in your brief. That's right, Your Honor. And that establishes... You've made a more elaborate argument based on Sheddon here. Well, I'm attempting to clarify the argument... Why don't you, Mr. Carpenter, make in your briefs the argument that you make here? Why do you subject us over and over again to this game? That is not my intention, Your Honor. Well, you do it. You did it last month in Lloyd. I was on that panel. Yes. And you've done it again here today. So if you want us to treat you building a whole argument based on what a case says, why don't you lay it out in your brief? Well, that's obviously my shortcoming, Your Honor. It certainly is. It is, and I acknowledge it. And you work at trying to overcome this problem? Every day, Your Honor. And I apologize to this Court for not making the argument... ...for something that you should have done differently. What's that leave us with? Well, Your Honor, it obviously was not as clear to me when I wrote the brief as it was when I prepared for... Well, Your Honor, it wasn't very clear to the Court of Appeals for Veterans Affairs. I'm sorry, Your Honor? Remember what the Court of Appeals for Veterans Affairs said about your statutory arguments? In their opinion? Yes, yes. They said they couldn't understand what you were talking about. And that, Your Honor, is because there has been a clear disconnect between... And your reliance on the chronic disease issue comes up in your... after your argument, late in front of the CABC, right? Because that seemed to be one of the problems that the Court had in understanding what the error was below in applying these presumptions. That the chronic disease has its own apparatus for establishing, under the regulatory presumption, that connection. But that connection applies, and we argued below specifically, that that new and material evidence did provide the nexus evidence. But I don't... I guess I still am back to what I was asking before, which is I don't see this as a chronic disease case. I don't see this as a case in which you get the benefit of the 303 presumption because there is no proof, and even if there were, I couldn't review a fact-finding to the contrary, but there's no proof that there was a chronic disease that manifested during service or within a year of post-service. He is currently diagnosed with a seizure disorder. If you want this to fall under the 303 presumption, you have to establish the seizure disorder as a chronic disease was during service or within one year. So if now your argument is, I'm not arguing for the chronic disease presumption under 303, I'm instead arguing for nexus flowing from the back. Do you understand my problem? I'm just trying to figure out which path you're trying to take me down, and I don't buy the 303 one because I just don't see how it fits in the criteria under the regulation, and I also don't have the authority to review fact-findings. I understand that, Chandra. That was presented to the court below in terms of the way in which a veteran is capable of establishing independent of actual evidence a regulatory presumption of nexus by showing a chronic disease. I argued below that the testimony from Dr. Bertelsen described symptoms and manifestations of the same chronic condition that Dr. Bertelsen said, I believe, gradually developed to a seizure disorder. Now, I appreciate the fact that that 303B argument may not prevail, but the legal error here by the Veterans Court was to say that those statutory presumptions that don't have anything to do directly with 303B were not required to be considered by the board. I just don't understand at all your presumption of soundness argument. Nobody is disputing that he was completely sound when he came into military service. There's no dispute he got hit on the head with a baseball bat. There's no dispute that there were some injuries flowing from that. Your problem is establishing a nexus between the seizure disorder, which was first diagnosed many, many, many years later, and the baseball bat injury. That, to me, if we put aside all the chronic disease stuff, which I don't understand at all being relevant here because of, not that seizure disorder is not a chronic disease, but the fact of whether or not it's entitled to the 303 presumption, just to be clear. So what you have to do is prove that there's a link between the seizure disorder and the board made a fact-finding that you hadn't established a nexus, and the government points to the evidence that your doctor said could probably have been caused, whatever. I mean, I might well have gone the other way, and if I had fact-finding authority, I might well go in your favor. But I don't. The government has pointed to evidence that establishes on this record your failure to establish that required nexus between the baseball bat hit and the later seizure disorder. I don't understand what you want me to do. I don't see how the presumption of soundness has a lick of anything to do with this. Well, Your Honor, before I talk about the presumption of soundness, the reason that we are here is because of an error by the Veterans Court. The Veterans Court said that these presumptions were not required to be considered by the board. That is an error of law. That is an incorrect statement of law. Where did they say that? They say that at page 3 of the decision below, which I believe is in Appendix No. 3. In the middle of the page, the first full paragraph is a preliminary matter. The court notes that although Mr. Akerson asserts in his initial brief that the decision on appeal is erroneous because the board failed to properly apply sections 1111 and 105A, the board was not required to directly apply these decisions in the review of the 1985 decision. Rather, it was required to determine whether there was cue in that decision. It doesn't seem to me what they're saying. And look above. It says, further, section 105 doesn't relieve the obligation to provide nexus evidence. And I don't know. In context, I don't read this Veterans Court as saying veterans aren't entitled to a presumption of soundness. What I read them as saying is the presumption of soundness as they say it expressly. The presumption of soundness does not relieve a veteran of the obligation to show the presence of a current disability and demonstrate a nexus between the disability and the in-service injury. I certainly do not understand them as suggesting that veterans are not entitled to the presumption of soundness. But rather, I understand them as saying that's not the problem here. The problem here is nexus. I'm not saying that that's what the Veterans Court said about the presumption. What I am saying is that what they did say clearly and unequivocally was that the board was not required to consider that. The board was required to consider it. The board actually did consider both of those presumptions. I'm not asking this court to review the facts. I was asking the Veterans Court to review the facts. And the Veterans Court slammed the door. The Veterans Court said, no, we will not review those facts. Because you didn't establish nexus. So I'm not going to review whether the board screwed up in three places because there's one place they clearly didn't screw up and that ends your case. Alright, you've used all your time. Let's wait for, I'll restore some for rebuttal. Let's hear the other side. Miss, is it Ms. LaGlory? Yes, I am. Good morning, Your Honors. May it please the Court. The Veterans Court should affirm the decision or this Court should affirm the decision of the Veterans Court because the Veterans Court did not err in misinterpreting 105A, 1111, or the statutory presumptions under 1112 when evaluating Mr. Ackerson's claim for disability compensation. Additionally, although Mr. Ackerson attempts to frame his argument as one of misinterpretation of the statutory presumption, at the heart of his argument is his disagreement with the board's factual finding in 1985 that the letter he continues to refer to as the nexus letter did not establish direct evidence of nexus under 303A or trigger the presumption under 303B. Because it said quite probable and also because that's a fact finding we can't review? Yes, Your Honor. Therefore, this Court has no jurisdiction and the board, both in 1985 and 2013 set forth the fact that the letter was qualified and, in fact, was inconsistent with the medical evidence that was in the record at that time. Again, that goes also to the Q analysis which shows that there's not an undebatable error in the record that would manifestly change the outcome because the record was in conflict with the qualified medical opinion at that time. Do you understand the argument Mr. Carpenter is making today based on shedding? I believe I understand the argument, Your Honor, and I believe it's the same argument that's been rejected in shedding in Holton and Dye. Run me through that because you knew from my colloquy with Mr. Carpenter that I was somewhat surprised that he was making what I would call a very large argument, actually an argument central to his appeal here based on shedding that he hadn't elaborated in his brief. Yes, Your Honor. From what I can take away from the argument, I do believe it's the same argument he made in shedding where the court is referring to service connection in the more limited sense of the second element of the 303A test, not in the broader sense of establishing nexus of the third element. This court held in shedding that the line of duty presumption goes to the second element of the test, but the veteran is still obligated to establish a current disability as well as the nexus. And so I believe Mr. Akerson's argument is simply that 105A that presumption establishes nexus and that That's what I was understanding him to argue, which I recall that was the argument he had made in his counsel in the earlier case in law, so I was surprised to hear it. I might be wrong on the argument, Your Honor, but that's my impression of the argument and the same applies with his argument regarding 1111 that the presumption establishes nexus. This argument's been rejected in Holton and Dye and it's been expressly held by this court that 1111 goes to the second element of the disability test and the veteran is still required to prove current disability and nexus. And that's the problem with this case, going back to the factual finding, the board, both in 1985 and 2013 found the veteran had not established nexus under 303A with the evidence of record and did not trigger the presumption under 1112. Again, that's a factual finding for which this court does not have jurisdiction. In reading Mr. Carpenter's briefs here, did you understand him to be actually making a chronic disease entitlement argument here? In his initial brief before the veterans court, it seemed to be more narrowed and specific to a direct evidence argument bringing in the 105 and 1111 presumptions to say that nexus had been established. The argument did seem to change to the request for reconsideration which then was stating the letter triggered the 1112 presumption. So the argument did seem to change. In the briefs here, I read his reply brief here in particular to in essence putting his eggs in a chronic disease basket. Did you read it the same way? Yes, Your Honor. Because he seems to be retreating from that position here now today and saying in response to Judge Moore who pointed out that his chronic disease argument is impaired, oh I didn't really make it as a merits argument, I made it as an example to educate both the Court of Veterans Appeals and us as to what he's really talking about about the other two statutes. Yes, Your Honor. And regardless... So this third iteration of his chronic disease argument, newly minted for oral argument today, seemed new to me. Did it seem new to you as well? Yes, Your Honor. But regardless of the argument he is making, whether it be a 303A or a 303B argument, it comes down to his disagreement with the 1984 letter, which again is a factual finding that this court does not have jurisdiction to review. And as the Veterans Court found, 105A and 1111 simply aren't at issue in the case. So there's no misapplication of the statutory presumptions. The same applies for 1112. There's no question that the chronic disorder did not have its onset during his service or within the presumptive period. So there's no misapplication of 1112. Isn't this case an example of a case that we see quite often where new and material evidence is produced well after a first initial claim, and that if all of the information that is now a record had been a record when the claim was first filed, the result would be different if you had an earlier effective date. Yes, Your Honor. That's exactly this case. And that's a sad circumstance, but the fact is that new and material evidence doesn't earn you an earlier effective date. Yes, Your Honor. That is exactly this case. If Your Honors have no further questions, we'd ask that this court affirm the opinion of the Veterans Court. Thank you, Ms. McGrory. Mr. Carpenter, we'll stop for two minutes of rebuttal time. Thank you, Your Honor. In relationship to the reopening aspects, in this case, factually, there was an early 1980 application that was denied, appealed to the board, affirmed in 1983. After that board decision, he got this letter from Dr. Berthelsen. That was the new and material evidence. When a case is reopened with new and material evidence, then it is supposed to be considered under all applicable provisions of law. The assertion of clear... And that was the first letter from the first analyst or psychiatrist, right? I'm sorry. There are two doctor's letters in the record, but the first reopening was based on the first letter. That's right. It wasn't as conclusive as the second letter about a nexus connection. Right. And the question then becomes, for purposes of revision, and just to follow up your colloquy with the government, in 1993, Mr. Akerson did submit another application, and eventually that application was granted based upon even more clarifying evidence. And now he has an effective date for 1993. In this case, it was only about getting an effective date back sometime between 1983 and 1985 for the date that it was applied. But when that happens, the board is under the... Excuse me, the VA was... Excuse me, the board in 1985 was under the obligation to reconsider all applicable provisions of law and regulation. They did not consider either the presumption of service connection or the presumption of soundness. In regards to the presumption of soundness, the presumption of soundness is defined in as those three elements that are described that I cited at page 5 of my brief, that establish the right to service connected disability. This case ultimately is about whether or not the board in 1985 correctly denied service connection for a seizure disorder that was the result of an injury. And that evidence was satisfactory to trigger that presumption. And that's what we attempted to do in requesting revision. Thank you, Mr. Carpenter. The time is up. The case is submitted. Thank you.